

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARJORIE STEWART
Vs.
AVON CORPORATION et al

C.A. No.     2016 CA 006260 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M CAMPBELL
Date:  August 23, 2016
Initial Conference: 9:30 am, Friday, December 09, 2016
Location:  Courtroom 519
       500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Marjorie Stewart
_____
Plaintiff

vs.

Avon Corporation
_____
Defendant

Case Number   2016 CA 006260 B

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

D. Cory Bilton
_____
Name of Plaintiff's Attorney

700 12th St NW Suite 700
_____
Address
Washington DC 20005

(202) 347-0303
_____
Telephone

Clerk of the Court

By _____
            Deputy Clerk

Date   08/23/2016

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                       CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                    Demandante
        contra
                                        Número de Caso: _____
_____
                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        SECRETARIO DEL TRIBUNAL
Nombre del abogado del Demandante

                                        Por: _____
Dirección                                        Subsecretario

                                        Fecha _____

Teléfono

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시요    ያአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **MARJORIE STEWART**<br>5813 35th Place<br>Hyattsville, MD 20782<br><br>    Plaintiff,<br><br>v.<br><br>**AVON CORPORATION**<br>5621 Vine Street<br>Alexandria, VA 22310<br><br>Serve:<br><br>CT Corporation System<br>1015 15th Street, NW<br>Suite 1000<br>Washington, DC 20005<br><br>and<br><br>**MCKENZIE ENGINEERING SERVICES, P.C.**<br>3408 Brookwood Drive, Suite A<br>Fairfax, VA 22030<br><br>Serve:<br><br>Colin McKenzie<br>3408 Brookwood Drive<br>Fairfax, VA 22030<br><br>    Defendants. | Civil Action No. 2016 CA 006260 B |

## COMPLAINT

Plaintiff Marjorie Stewart, by her undersigned attorney, sues Defendants Avon Corporation and McKenzie Engineering Services, P.C. and alleges as follows:

## THE PARTIES

1. Plaintiff Marjorie Stewart is a resident of Prince George's County, Maryland.

2. Upon information and belief, Defendant Avon Corporation ("Avon") is a company incorporated in the Commonwealth of Virginia with its principal place of business in Alexandria, Virginia.

3. Upon information and belief, Defendant McKenzie Engineering Services, P.C. ("McKenzie") is a business owned and operated by Colin McKenzie that has its principal place of business in Fairfax, Virginia.

## JURISDICTION

4. Jurisdiction is vested in this Court under D.C. Code § 11-921.

5. This Court has personal jurisdiction over Defendant Avon under D.C. Code § 13-423(a)(1), because it transacts business in the District of Columbia; D.C. Code § 13-423(a)(2), because it contracts to supply services in the District of Columbia; D.C. Code § 13-423(a)(3), and/or because it caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

6. This Court has personal jurisdiction over Defendant McKenzie under D.C. Code § 13-423(a)(1), because it transacts business in the District of Columbia; D.C. Code § 13-423(a)(2), because it contracts to supply services in the District of Columbia; D.C. Code § 13-423(a)(3), and/or because it caused tortious injury in the District of Columbia by an act or omission in the District of Columbia.

7. The events that give rise to this action took place in the District of Columbia, where venue is claimed.

## GENERAL ALLEGATIONS

8.     On August 22, 2013, Defendant McKenzie prepared engineering plans (the "Plans") for the installation of five helical piers under the foundation at the house owned by Plaintiff Stewart located at 5910 First Street, NE, Washington, DC (the "Property").

9.     Defendant McKenzie prepared the Plans after determining that helical piers were necessary structural improvements for the Property.

10.    Defendant McKenzie's Plans stated that the helical piers would be hydraulically preloaded, but that foundation jacking was not required.

11.    Defendant Avon is a contractor in the business of installing helical piers.

12.    In discussions with Plaintiff Stewart and her son, Carlin Stewart, Defendant Avon's employees or agents stated that helical piers were necessary structural improvements for the Property.

13.    On or about September 18, 2013, Defendant Avon entered into a contract (the "Contract") with Carlin Stewart for the installation of the helical piers at the Property as stated in Defendant McKenzie's Plans.

14.    At all relevant times, Carlin Stewart was acting as agent for Plaintiff Stewart.

15.    On or about June 23, 2014, Defendant Avon installed the helical piers at the Property.

16.    During the installation of the helical piers, loud cracking noises could be heard within the Property. Shortly after the building loads were transferred to the helical piers, cracks opened in various parts of the Property, including the basement walls, basement footing, exterior brick and mortar, and first and second floor walls.

3

17. Upon information and belief, at all relevant times, Defendant Avon was operating without a license allowing it to operate in the District of Columbia as a contractor.

18. Upon information and belief, helical piers were not necessary structural improvements for the Property.

19. At all relevant times, Ms. Stewart was exercising at least ordinary care for the safety of her person and property.

20. Ms. Stewart did not take or fail to take any action that caused or contributed to the damage to her property.

## COUNT I
### (Breach of Contract – Defendant Avon Corporation)

21. Plaintiff adopts and incorporates the paragraphs above as though fully set forth below, and further states:

22. Defendant Avon agreed to perform the work on the Property in accordance with Defendant McKenzie's Plans, which stated, among other things, that foundation jacking or lifting was not required.

23. Defendant Avon breached its contract with Plaintiff Stewart, by lifting or jacking the Property foundation after the installation of the helical piers.

24. As a result of its breach, Defendant Avon caused damage to the Property, including, but not limited, to cracking in the basement walls, footing, exterior brick and mortar, and first and second floor walls.

4

THEREFORE, Plaintiff Marjorie Stewart demands judgment against Defendant Avon Corporation in the amount of one hundred thousand dollars ($100,000), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

## COUNT II
### (Negligence – Defendant Avon Corporation)

25. Plaintiff adopts and incorporates the paragraphs above as though fully set forth below, and states the following:

26. Defendant Avon owed a duty to Plaintiff Stewart to properly follow Defendant McKenzie's plans, to properly train and instruct its employees and agents on the work to be performed at the Property, to oversee its employees and agents to make sure it performs in accordance with its customer agreements, and to use reasonable care to avoid causing damage to Plaintiff's person and property.

27. Defendant Avon breached its duty to Plaintiff Stewart by failing to properly follow Defendant McKenzie's plans, by failing to properly train and instruct its employees and agents on the work to be performed at the Property, by failing to oversee its employees and agents to make sure it performs in accordance with its customer agreements, and by failing to use reasonable care to avoid causing damage to Plaintiff's person and property.

28. As a result of its breach, Defendant Avon caused damage to the Property, including, but not limited, to cracking in the basement walls, footing, exterior brick and mortar, and first and second floor walls.

THEREFORE, Plaintiff Marjorie Stewart demands judgment against Defendant Avon Corporation in the amount of one hundred thousand dollars ($100,000), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

## COUNT III
### (Violation of the DC Consumer Protection Act – Defendant Avon Corporation)

29. Plaintiff adopts and incorporates the paragraphs above as though fully set forth below, and states the following:

30. Defendant Avon performed home improvement work for Plaintiff Stewart, as it is defined in D.C. Municipal Regulations 16-899.

31. Before holding itself out or engaging in business, entering a contract to perform services, or accepting payment for home improvement work from Plaintiff Stewart in the District of Columbia, Defendant Avon was required to be licensed by D.C. Municipal Regulation 16-800.

32. At all relevant times, Defendant Avon was not licensed as a contractor in the District of Columbia, and therefore violated D.C. Municipal Regulation 16-800.

33. Violation of title 16 of the D.C. Municipal Regulations is an unlawful trade practice under D.C. Code § 28-3904(dd).

34. Defendant Avon also falsely stated to Plaintiff Stewart that helical piers were needed repairs for the Property.

35. Falsely stating that services, replacements, or repairs are needed is an unlawful trade practice under D.C. Code § 28-3904(k).

36. Plaintiff Stewart relied upon Defendant Avon's statements that helical piers were needed for the Property and upon his representation that he was appropriately licensed to perform the work.

6

37. As a result of Defendant Avon's unlawful trade practices, Plaintiff Stewart suffered damage to the Property, including, but not limited, to cracking in the basement walls, footing, exterior brick and mortar, and first and second floor walls.

THEREFORE, Plaintiff Marjorie Stewart demands judgment against Defendant Avon Corporation in the amount of one hundred thousand dollars ($100,000), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

### COUNT IV
### (Negligence - Defendant McKenzie Engineering Services, P.C.)

38. Plaintiff adopts and incorporates the paragraphs above as though fully set forth below, and states the following:

39. As a licensed engineer, Defendant McKenzie owed a duty to Plaintiff Stewart to identify the problem with the Property before determining that helical piers should be installed, to advise that helical piers be installed at the Property only if it they were necessary structural improvements, to oversee the installation of the helical piers to ensure that the contractor follows its engineering plans, and to use reasonable care to avoid injuring Plaintiff's person or property.

40. Defendant McKenzie breached its duty to Plaintiff Stewart by failing to identify the problem with the Property before determining that helical piers should be installed, advising that helical piers be installed at the Property when they were not necessary structural improvements, failing to oversee the installation of the helical piers to ensure that the contractor follows its engineering plans, and failing to use reasonable care to avoid injuring Plaintiff's person or property.

41. As a result of Defendant McKenzie's breach, Plaintiff Stewart suffered damage to the Property, including, but not limited, to cracking in the basement walls, footing, exterior brick and mortar, and first and second floor walls.

THEREFORE, Plaintiff Marjorie Stewart demands judgment against Defendant McKenzie Engineering Services, P.C. in the amount of one hundred thousand dollars ($100,000), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

## COUNT V
### (Violation of the DC Consumer Protection Act – Defendant McKenzie Engineering Services, P.C.)

42. Plaintiff adopts and incorporates the paragraphs above as though fully set forth below, and states the following.

43. Defendant McKenzie falsely stated to Plaintiff Stewart that helical piers were needed repairs for the Property.

44. Falsely stating that services, replacements, or repairs are needed is an unlawful trade practice under D.C. Code § 28-3904(k).

45. Plaintiff Stewart relied upon Defendant McKenzie's statements that helical piers were needed for the Property.

46. As a result of Defendant McKenzie's unlawful trade practices, Plaintiff Stewart suffered damage to the Property, including, but not limited, to cracking in the basement walls, footing, exterior brick and mortar, and first and second floor walls.

THEREFORE, Plaintiff Marjorie Stewart demands judgment against Defendant McKenzie Engineering Services, P.C. in the amount of one hundred thousand dollars ($100,000), together with interest, costs, attorneys' fees, and such other damages as may properly be awarded by this Court.

Respectfully submitted,

BILTON LAW FIRM, PLLC

By: /s/
D. Cory Bilton (Bar # 1026754)
700 12th Street, NW, Suite 700
Washington, DC 20005
Phone: (202) 347-0303
Fax: (202) 827-0033
E-mail: cory@biltonlaw.com
*Counsel for Plaintiff*

### REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues of fact herein.

/s/
D. Cory Bilton

9